UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
'09 OCT 28 P12:51
JON W. SANFILIPPO
CLERK

Jeffrey Keith Bell
_____
(Full Name of each Plaintiff)

Plaintiff(s),

Case No. __09-C-1019__
(Supplied by Clerk)

v.

Bodo Gajevic
Scott Marlock
_____
(Full Name of each Defendant)

Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I. **PLACE OF PRESENT CONFINEMENT** (Provide full address)
Racine Correctional Institution — P.O. Box 900 — Kenosha unit
Sturtevant, WI. 53177

   A.  Is there a grievance procedure in your prison/jail?  (YES ☐)  NO ☐

   B.  Have you filed a grievance concerning the facts relating to this complaint?

      YES ☐  (NO ☐)

II. **PARTIES**

   A.  Your name (Plaintiff) __Jeffrey Keith Bell__

   B.  Prisoner I.D Number __297690__

   C.  Social Security Number (Last Four Digits Only) __1225__

   D.  Your Address (City & State) __2019 Wisconsin St. — P.O. Box 900 — Sturtevant, WI. 53177__
      (For additional plaintiffs provide the same information in the same format on a separate page.)

E.  DEFENDANT (name) Bodo Gujevic

is employed as Officer of Milwankee Police Department

at _____

F.  Additional DEFENDANTS (name, position, and place of employment):

Scott Marlock

Officer

Milwaukee Police Department

## III. PREVIOUS LAWSUITS

A.  Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?  ☐ YES  (☐ NO)

B.  Have you begun other lawsuits in state or federal court relating to your imprisonment? ☐ YES  (☐ NO)

C.  If your answer is YES to either of the above questions, provide the following requested information.

1.  Parties to the previous lawsuit

Plaintiff(s): _____

Defendant(s): _____

2.  Date filed _____

3.  Court where case filed (if federal court, name district: if state court, name the county) _____

4.  Case number and citation _____

5.  Nature of claim _____

## CIVIL COMPLAINT

This is a Civil Action authorized by Title 42 U.S.C. §1983 and the United States Constitution Fourteenth Amendment Rights guaranteed Priviledge and immunities of citizenship, due process and equal protection, to redress the deprivation, under color of state law, of right secured to him by the United States Constitution

## STATEMENT OF CASE

On September 1, 2005, Defendant, Bodo Gajevic and Defendant, Scott Marlock, of the Milwaukee Police Department were monitoring the area of 52nd and Villard ave. The officers noticed a 1969, Chevy parked on the side of the liquor store with the Plaintiff who is unknown to the officers and was not a suspect. The officers reported that they noticed the Plaintiff, Jeffrey Bell, at the trunk of the car concealing himself counting money and then talking on a cell phone and shortly afterwards the Plaintiff, leaves the area with the officers in tow unbeknowst to Plaintiff. At this time the officers actions are questionable, because the Defendants reported no legal probable cause to follow the Plaintiff. The reason they gave to follow the Plaintiff was because of the Plaintiff's action of counting money and talking on a cell phone, and not for any traffic violations. ① ⑫

Now, it is obvious that the Defendants, have used 'Selective Enforcement' as they began to follow the Plaintiff, because not only did the Defendants not pull the Plaintiff over for any traffic laws they stalked him as they parked and waited on a side street for over an hour, with no legal probable cause to wait. ⑬

The Defendants have clearly linked themselves to a hidden agenda by their own actions, demonstrating that they were not at that liquor store, but for one reason and that was for the Plaintiff. These Defendants have abandoned their alleged assignment to monitor the liquor store for alleged illegal activities that were on the inside of the store, all to follow a person they allegedly have no knowledge of for traffic laws.⑲ As the Defendants are now parked on this side street waiting to observe any illegal activity and there patience ran short, because there was no illegal activity. At this point and time both Defendants, conspired to violate the Plaintiff's

Fourth Amendment Rights, during a staged traffic stop, and search the Plaintiff's person, car and home. At this time while the Defendants are parked, they have enough time to obtain a search warrant for their obvious suspicions of the Plaintiff.(13)

As Plaintiff left his resident an hour or so later the Defendants followed Pell another 2blks. up to a stop sion, where the Defendants could better impliment their plan. The Defendants pull the Plaintiff over, exit their car and Marlock positioned himself behind the passengerside tire, as Gajevic went to the driver-side window. Gajevic, informed the Plaintiff that he pulled him over for the hobby plate on front of the car and then he noticed the registered front plate propped up visibly on the driverside dashboard.(15) From any legal standpoint the stop should have been satisfied, because the Plaintiff did possess a valid drivers license and the vehicle was registered. Instead of giving a verbal warning Gajevic ordered Plaintiff out of the vehicle and immediately proceeded to pat-down Plaintiff without any warning of doing so. see Terry v. Ohio. The Plaintiff, invokes his rights which goes ignored.(2)

After Gajevic illegally searched Plaintff, Gajevic orders the Plaintiff to the trunk area to begin his coercion tactics to distract Plaintiff from Marlocks action of illegally entering and searching the car.(86-87) Plaintiff, invokes his right for a second time. Gajevic, violates Plaintiff's 1st Amendment right, as he denies Plaintifff from calling his attorney, clearly the Plaintiff is seized at this moment and Gajevic, tells Plaintiff, "you need to help yourself out of this situation your in and we're going to take you back to your place so we can talk." Gajevic, is talking all the while his partner is inside the car, illegally searching it. Gajevic then asked, "where's the 2ounces at?" and the Plaintiff, says,"what 2 ounces!"

At this time, Plaintiff knew this was no random traffic stop. Gajevic is trying to act smooth all the while talking fast. In the midst of coercing Plaintiff to go back to his apartment, Gajevic tells Plaintiff, how he can work with him and trust him because Gajevic says, "I'm the person who can make things happen or not happen." this is were Gajevic links both Defendants to a conspired act. In Gajevic's coercion tactics, he attempts to persuade the Plaintiff in setting up a would-be drug deal, where Gajevic, can arrest that would-be drug dealer and get back to his house to search it,as well and for the Plaintiff not to worry about how he

would get into that would-be drug dealers house, just believe that it can happen and the best part is that that would be drug dealer would never know he was set-up by the Plaintiff.

As Cajevic, explains to the Plaintiff his tactics, he actually admitted to planning 4th Amendments violation, just as it happened to the Plaintiff, which explains why both Defendants aborted their assingment at the liquor store so easily, and why Defendants waited for the Plaintiff to resurface and leave his resident and why the Defendants rushed into a warrantless search, where there was ample amount of time to do the right thing and obtain a search warrant. The search of the car was not under duress to rush into that warrantless search, because the Plaintiff was outside of the car at the trunk area of the car.(⊃)

The Plaintiff has given a true account of how both Defendants came to deprive the Plaintiff of his rights, all based on bogus information. Plaintiff was unreasonably seized during his traffic stop for allegedly traffic violations that turned into a drug investigation on a public thoroughfare, embarrassing the Plaintiff. These Defendants, knowingly used 'Selective Enforcement' based on one of their confidential informents who works with them, which influenced their actions of reckless disregard for the truth. see; <u>State v. Kramer</u>, 2001 WI 132, ¶¶15-18, 248 Wis. 2d 1009, 637 N.W. 2d 35. The Plaintiff was also told that he needed to provide the make and the model of the car, as well as, the meeting spot for the alleged drug transaction to occur.

Time factor has to be considered in determining the liklihood that Marlock, actions were not staged as he allegedly reported to seeing a baggy in plain view at the same time Cajevic and the Plaintiff, reached the trunk area in about 3 seconds it would take to walk from the driverside door to the trunk, because just as Cajevic and Plaintiff, reached the trunk, Marlock was already in the car, as if he already knew what he was looking for and where he was looking for it at.[17] The discovery of evidence was not discovered inadvertently, when looking at the totality of the circumstances as they were at the time. Marlock, was not in contact with the Plaintiff, and as it stood Marlock, was conducting a low-discretional traffic stop. (55)(56)

After the traffic stop, both Defendants illegally took the Plaintiff back to his resident, without consent. The Defendants kidnapped the Plaintiff and took him back to his place, suspecting

nothing would come of all their acitons, because the Defendants are thinking we got a drug dealer and who's going to listen to him, which the Plaintiff asserts was/is the motivation for the Defendants disrespecting the Plaintiff and violating his U.S. Constitutional Rights.

Upon arriving at the Plaintiff's resident Defendant Gajevic calls for back up, K-9 unit, and other officers to aid and abet in the illegal search of Plaintiff's resident. Marlock, took the keys from Plaintiff and let everyone in. (93) Gajevic sits Plaintiff in the kitchen while officers run around.

On the kitchen table is a pile of mail belonging to the Plaintiff and Ms. Tracy Nash. Gajevic, did not ask for consent he began going through the mail, until he came across some confidential mail belonging to Ms. Nash and her Atty. Marty Kohler. He reads Ms. Nash's mail without her consent. Upon reading the mail Gajevic makes a call and ask someone who's in charge of the case that he had read about on Ms. Nash? The Plaintiff, overhears that conversation and shortly afterwards Gajevic is talking to that person the Plaintiff suspects was Officer Troy Jankowski. Phone records will need to be obtain for the afternoon of Sept. 1, 2005, of Defendant Gajevic and work and cell phone of Jankowski, to confirm that they talked that afternoon. Once that is confirmed it clearly shows the likelihood that both Gajevic and Jankowski, had conspired to falsely accuse Plaintiff, of Count 3;party to a crime in the criminal case 05-CF-004007.(T.C.) Plaintiff adamantly asserts he never had a conversation with Defendant Gajevic, about Ms. Nash's legal issues or anything about that case in Sept. 2004, where the Plaintiff, was arrested for receiving stolen property. Jankowski, was the lead officer. Jankowski, lied to Plaintiff's P.O.agent Virginia Smith, about the Plaintiff being in possession of cocaine Bail/Hearing paperwork will show Jankowski, only charged Plaintiff with 'P.S.P'. However, Plaintiff's P.O. eventually charged the Plaintiff with Possession of cocaine, because of the phone messages left on her work phone by Jankowski. Plaintiff, receives his Bail/ Hearing paperwork and gives it to his family to take it to the D.A.'s office and have the charge of possession of cocaine dropped That charged did get dismiss and Plaintiff was released on a(ATD) and Plaintiff asked his P.O. why she charged him with possession

-4-

of cocaine and her respond was," Jankowski, left her several phone messages to charge Plaintiff.

Now, that is the reason why Cajevic falsely accused Plaintiff of count 3, because Jankowski, added his influences already to bad situation where Cajevic, ultimately decided to make another bad decision to falsely accuse Plaintiff, of count 3, where the Plaintiff had closed that case for himself in 2004, and it would make no sense to open that closed wound.

Once this court has established that Count 3, is an out right lie, through an independant investigation, the conclusion should be that both Defendants are not excluded from 'malicious evil intentions', where the Defendants have taken bold steps to break the law in attempts to uphold the law, meaning violating every police policy and procedure as well as, violating Constitutional rights.

During the time of the search of Plaintiff's apt. 4818 w. Eggert Pl. Defendant Marlock had been going up and down the stairs from Plaintiffs upper-flat to the community basement that is shared with the other occupants of the 4-unit apt. Between those trips Marlock gained access into the downstairs apt. 4816 w. Eggert Pl. and he trips off the alarm, sounding the sirens. (90) Marlock comes back upstairs to ask Plaintiff for the code to turn off the alarm. Plaintiff, responds, "I don't have any alarm code' and Marlock asks, "why do you have keys for downstairs?" Plaintiff resonds,"my mother used to live down there before she moved".

Once again Defendant Marlock over-exercised his authority by disregarding department policy, as he illegally entered committing a 'breaking and entering' in the downstairs apt.4816,without any consent, probable cause or search warrant. (80) What Marlock had just done was linked himself to the actions of illegally searching the car during the traffic stop, with his own actions of illegally searching apt. 4816, meaning it's more probable to believe that Defendant Marlock, actually illegally acted at the traffic stop. What this is is a clear bla tant disregard for the Plaintiff, which goes with the coercion tactics Cajevic told the Plaintiff how he could search that would-be drug dealer and take him back to his place to search it as well. Plaintiff had just experienced it all from first hand.

The Plaintiff, is eventually taken into custody and booked. On the following day both Defendants approach Plaintiff with a police statement already filler out. (35)

-5-

Plaintiff had refused to sign this statement and both Defendants had promised the Plaintiff his freedom for signing the statement and the Plaintiff signed it and was taken out of custody, as he was promised, except Defendants took the Plaintiff to a cemetery parking lot off of N. 20th St. and W. Keefe Ave., where more pressure and intimidation tactics were applied for the Plaintiff to set someone up for drugs and or gun bust and the Plaintiff had feared for his life at this point. (4)

Plaintiff has demonstrated that both Defendants have blatant disregard for Police Department Policies and Procedures and it is more likely that the Defendants did conspire to violate Plaintiff' Fourth Amendment Rights, by their own actions alone that cannot be denied for perjury charges.

## LISTING OF FACTS

1. Relying upon the department policies and guidelines, the Plaintiff contends that the officers should have obtain search warrant or arrest warrant as they had time to do so, while parked on that side street waiting. Policy requires officers to obtain a warrant in situation like this where time is available. (13)

2. Policy is to report 'exigent circumstances' to justify any warrantless search, as the Defendants conducted a warrantless search of the Plaintiff's person, and car.

3. Policy is to report the incident in an official police report at its earliest convience for memory. Officers never reported seeing cocaine. It was reported, that officers suspected that a baggy may have narcotics with no specification. (2)

4. Policy is to obtain a signature or initials of arrestee for consent to go back to a resident from a different location, as well as, a signed statement of incriminating statements of admission to Count 3. The state has no evidence of the statement.

5. Policy is to obtain consent, search warrant or have probable cause for warrantless searches. Defendant Marlock had neither as he illegally searched the car during the traffic stop and as he illegally serached the Apt. of 4816 W. Eggert Pl. (17-123-8?)

6. Policy is to park and lock or tow vehicles or arrestee. 2/610.20 Vehicle Tow Categories and Towing Procedures for safe-

keeping tow.

a) Marlock personally drives away in the 1968 Chevy, without owners consent and drives the car for weeks after the arrest.

b) The 1968 Chevy, was not towed or left parked and locked.

7. It's not policy to take arrestees out of custody and taken back into the community, as both Defendants did so on 9/2/05.

8. Policy is to hold on to seized property until all proceedings have been concluded. Defendants sold the Chevy to Donald Driver, of the Green Bay Packers before the case was closed. Defendants threatened Queen Cook, with prison to turn over the title. She never signed it over making the sale of the car fraudulent as someone forged the signature of Ms. Cook, and the car was never entered into Police Inventory.

9. Policy is to notify all parties to claim property before its forfeited. Defendants turned over cash found inside Plaintiff's apt. to the D.E.A. before the case is concluded and the Plaintiff was never notified, resulting in property being returned.

10. It's policy to write out traffic citation to justify the purpose of the stop. No citation was written in this case, indicating that the Defendants created this entire situation.

11. Federal Law to tamper with confidential mail as Defendant Cajevic does while reading Ms. Nash's mail without Ms. Nash's consent, is illegal to do.

12. Officer Troy Jankowski, lied to Plaintiff's P.O. agent in 04'.

a) P.O. charged Plaintiff, based on Jankowski's lies.

b) That possession of cocaine charge was dropped because of the Bail/Hearing paperwork.

13. Cajevic contacted Jankowski on 9/1/05, to conspire to again falsely accuse Plaintiff of that 04' charge that was dismissed.

a) Cajevic brings that charge back in case 05-CF-04997, and introduced it as Count 3: party to a crime.

b) Milwaukee Police has lied on Plaintiff in the past and is again, showing a pattern of untrustworthy.

14) Further untruthful statements by Defendants were recorded at Plaintiff's Revocation Hearing, as they manipulated the ALJ, and the Defendants statements were solely the reason why Plaintiff was revoke, as stated in the Final Decision of Revocation.

a) Defendants alleged the Plaintiff was in possession of a firearm

b) Pla...

of firearm. F.C.
h) Gajevic admitted at revocation that he himself previously prepared the police statement and presented it to the Plaintiff, contradicting his testimony in the Motion Hearing where he had stated obtained information from the Plaintiff and wrote that information down as the Plaintiff provided it . (34) 36
15) It's important to note here that these reckless disregard to policies and guidelines have established a pattern that is 'relevant' to question at hand during the traffic stop, making the Defendants actions and behavior no simple harmless error, but the actions of intentional deprivation of rights, while acting under the color of law.

    During the revocation hearing the Defendants, gave statement that were not true and the ALJ, deemed those statements credible and reliable, as her final decision to revoke Plaintiff. Plaintiff never admitted at that hearing of being aware of both presence and character of cocaine and of any gun, that was not subject to Plaintiff's domain and control. Any cocaine or weapon found as evidence was never obtained off of Plaintiff's body.
   Plaintiff is not asking to be accuitted of all probation allegations-merely pointing out that relief is required, especially when considering all the facts.

ARGUMENTS

    The Plain View-doctrine clealy says, If, however, the police lack probable cause to believe that an object in plain view is contraband without conducting some futher search of the subject- i.e., if it's incriminating characters [is not] immediately apparent, the plain view doctrine cannot justify it's seizure. see; <u>Horton v. California</u>, 496 U.S. 128, 135-36 (1990) but 'moving' or 'disturbing' the object to investicate a reasonable suspicion is not. see <u>Cooledge v. New Hampshire</u>, 403 U.S. 443 (1971) mere susicion is insufficient to consitute probable cause.
   The traffic stop itself is at question. see; <u>State v Longcore</u>, 226 Wis. 2d 1, 594 N.W. 2d 412 (Ct.App. 1999) if, the police

erroneously applies the law to the facts and no law has been
broken, the officer does not have probable cause for a traffic
stop. Defendants followed Plaintiff because of his actions talking
on a cell phone and counting money.

Defendants knowingly and falsely accused Plaintiff of count
3, and introduced that claim on official documentation. The state
has no evidence to produce its source as formention in the criminal
complaint exactly as written in such a official government
constitutional document...False representation of the law(s) of
this country that the police along with the D.A. used this state-
ment to bring charges against the Plaintiff to convict. see Napre
v. Illinois, 360 U.S. 264, which states in part "the duty of this
court is to make its own independant examination of the record
when Federal Constitutional deprivation are alleged is clear,
resting, as it does on our solemn responsibility for maintaining
the constitution violation."

False statements ***perjury statute prohibiting the making
of false statements under [o]ath, under federal law a perjury
or false declaration prosecution requires; 1. an oath to testify
truthful, 2. a willful or knowing false statement by declarant
contrary to the oath. 3. a belief by the declarant that the state-
ment is untrue and 4. a relationship between the statment and
material fact. A false statement must have a natural tendency to
influence or be capable of influencing the decision-making body
to which it is addressing. United States v. Durham, 139 F. 3d
1325 (10th Cir. 1998).

The criminal complaint is a [C]onstitutional document sealed
by the State of Wisconsin as official constitutional documenta-
tion under Wisconsin Statutory Statute(s); thereby statements
made in that document must meet constitutional mustard. Defendant
Cajevic knowingly and falsely introduced the claim of count 3, on
constitutional documentation.

Wherefore, Plaintiff respectfully pray that this court
enter judgment granting Plaintiff:
1. A preliminary and permanent injunction which: a) prohibits
the Defendants, their successors in office, agents and employers
and all other persons in active concert and participates with
Defendants from harassing, threating, punish or retaliating in
any way against Plaintiff because he file this action against
them.

2. Compensatory damages in the amount of $275 Thousand, from each defendant for violating Plaintiff's Civil Rights;
3. Punitive damages in the amount of $40 million, from each defendant for acting deliberately, recklessly, willfully, to violate Plaintiff's Rights secured by the Constitution;
4. A Jury Trial on all issues triable by jury;
5. Plaintiff's cost of this suit;
6. Such other relief as this court deems just, prayer and equitable.

## IN CONCLUSION

STANDARD OF REVIEW: Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Neitzke v. Williams, 490 U.S. 319, 324 (1989); and applies to both non-prisoners plaintiffs and to plaintiffs who are incarcerated, Floyd v. U.S. Postal Serv., 105 F 3d 274, 275-77 (6th Cir. 1997), overruled on other grounds by Callihan v. Schneider, 178 F 3d 800 (6th Cir. 1999).

In reviewing this complaint under this standard, the court must accept as true the allegations of the complaint in question, Aderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986), construe the pleading in light most favorable to the Plaintiff and resolve all doubts in his favor, Jenkins v. Mckeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se Plaintiff's allegatins, however, inarticulately pleaded, a liberal construction. see Haines v. Kerner 404 U.S. 519, 520-21 (1972).

At Plaintiff's revocation hearing, Plaintiff was revoked, and the revocation decision was affirmed on appeal. At a hearing before Plaintiff's criminal trial, a trial court granted 2 motions to suppress evidence, based on Plaintiff, 'invoking his rights' during the traffic stop, and denied a verbal motion on ineffective assistance of counsel, to the one remaining charge. Plaintiff was subsequently convicted, and the conviction was affirmed on appeal appeal No. 2008AP 1890-CRNM, and the conviction was also affirmed on appeal with the Supreme Court, and in the federal Habeas Corpus appeal, cs. No. 09-C-979, the case was dismissed.

The Plaintiff raised all the forementioned issues in this brief, in all the appeals cases, in addition to ineffective ass-

istence of counsel and Plaintiff asserted that the state court
had denied him a "full and fair opportunity" to litigate his
search-and-seizure claim. Nevertheless, he seeks federal redress
for the alleged constitutional violation by bringing a suit
for damages under 42 U.S.C. 1983 against the officers who had
seized the evidence in question.

    The Plaintiff pray that this court will grant this civil
action in good faith and as a matter of law. Plaintiffs civil
rights were violated when Defendants knowingly used Selective
Enforcement in violation of Equal Protection Clause. In this
complaint, Plaintiff asserts both Defendants conspired to vio-
late his Fourth Amendment Right, during a staged traffic stop
with an unconstitutional search and seizure of his person and
car.

Dated this __26__ day of __Oct.__ 2009.    Respectfully submitted

                                                                     _Jeffrey K. Bell_
                                                                      Jeffrey K. Bell
                                                                      Racine Corr. Inst.
                                                                      P.O. Box 900
                                                                      Sturtevant, WI. 53177

6. Current status (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

7. If resolved, date of disposition _____

8. If resolved, state whether for _____ (plaintiff or defendant)

(For additional cases, provide the above information in the same format on a separate page.)

## IV. STATEMENT OF CLAIM

A. State as briefly as possible the facts of your case. Describe how each named defendant is involved. Include the name of other persons involved, dates, and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra pages, if necessary. Unrelated separate claims should be raised in a separate civil action.

This case is about both Officers Bodo Gajevic and Scott Marlock, violating the Plaintiff's 1st, 4th & 14th Amendment Rights, deliberately as well as, conspiring to falsely accuse of count 3, and give false statements during plaintiff's revocation hearing. Those false statements were in the Final Revocation Decision, that was deemed credible and reliable as the sole determining factor to revoke plaintiff, for a wrongful conviction. Both Officers Gajevic and Marlock, took bold steps to break the law in an attempt to uphold the law. These officers violated police department policy and procedures that's

**STATEMENT OF CLAIM continued**

required to justify an arrest and conviction. Gajevic and Marlock, manipulated the decision maker, maliciously with intent falsely accused, falsified the police report, and out right lied, to cover-up all their bogus statements and actions of reckless disregard to U.S. Constitutional Rights and the actions show and demonstrate a pattern of reckless behavior, where there can be only one conclusion that these officers Gajevic and Marlock, should have zero credibility, because they cannot dispute nor deny any of the claims in this brief, without facing perjury charges.

- 3 -

In order for this court to determine that these officers are liars, first investigate the biggest lie in this brief, which is Count 3, of the criminal case 05-CF-004997, and then conclude that both Gajevic and Marlock, lied in every aspect of this investigation, which poisoned the entire atmosphere of the Judicial System, that resulted in a wrongful conviction in revocation, as well as, criminally, of the misdemeanor conviction.

B. State briefly your legal theory or cite appropriate authority.

There was no 'exigent circumstances' present nor reasonable suspicion articulated to expand the scope of the traffic stop. Officers may not use a lawful stop to fish for evidence of other crimes where there is insufficient reason to detain a defendant beyond the purpose of the initial stop. Whren v. United States, 517 U.S. 806, 809-10 (1996). There was a illegal pat-down of the plaintiff as he was ordered out of the car. Terry v. Ohio, 392 U.S. 1 (1968) The officer's decision to follow the plaintiff was not for any traffic laws, but for the plaintiff's actions of talking on a cell phone and counting money, therefore making the stop illegal, see State v. Longcore, 226, Wis 2d 1, 594 N.W. 2d 412 (Ct. App. 1999). Officer reported to have seen an alleged plastic baggy protruding out in plain view. If, however, the police lack probable cause to believe that an object in plain view is contraband w/out conducting some further search of the object, because the incriminating characteristics [is not] immediately apparent, the plain view doctrine cannot justify its seizure, Horton v. California, 496 U.S. 128, 135-36 (1990).

V. RELIEF YOU REQUEST

State briefly and exactly what you want the court to do for you. Make no legal arguments. Do not use this space to state the facts of your claim. Use it only to request remedies for the injuries you complain about.

Punitive damages awarded in the amount of $40 million dollars. Compensatory damages in the amount of $275,000.= from the City of Milwaukee and its police department, as well as, the defendant's for

- 4 -

acting deliberately, recklessly, willfully, to violate plaintiff's Rights Secured by the Constitution. A jury trial on all issues triable by jury, plaintiff's cost of this suit, such as other relief as this court deems just, prayer and equitable. Immediate release from prison with time served on revocation. Reverse conviction of case 05-CF-004997, and dismiss the case.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 26 day of October, 09.

_Jeffrey K. Bell_
Signature of Plaintiff(s)

(If there are multiple plaintiffs, each must sign the complaint)

Prisoner I.D. Number(s) 297690