UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY KEITH BELL,

    Plaintiff,

v.                                Case No. 09-C-1019

BODO GAJEVIC, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Bell, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Racine Correctional Institution.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff's complaint is a rambling narrative of the events surrounding the stop and search of his car and his subsequent arrest. He has recently filed a letter, which I construe as a motion to amend, in which he withdraws any claims related to his revocation proceedings. These claims asserted that various officers lied under oath in order to obtain Plaintiff's revocation, and such claims would likely be barred on *Heck v. Humphrey* grounds (see below) and for the additional reason that this Court could not provide the habeas-style relief Plaintiff sought.

The rest of the complaint alleges an illegal traffic stop that was the product of a conspiracy to violate Plaintiff's civil rights. The two Defendants, both Milwaukee police officers, allegedly saw the Plaintiff counting money outside of his car, which they found suspicious. They tailed the Plaintiff home, and when he re-emerged from his home they followed his car again. When they stopped him, it was allegedly because of a traffic infraction relating to his hobby license plates. Plaintiff alleges this was a bogus reason to stop his car. Soon enough, the officers were searching his car and found contraband, apparently cocaine (the Complaint is sketchy on these details), which resulted in Plaintiff's arrest and revocation. Plaintiff asserts that there was no probable cause to

search the vehicle for the simple traffic stop, and he alleges the officers deliberately failed to obtain a search warrant and follow numerous other procedures. He further alleges that the officers then took him back to his apartment and began conducting an illegal search of his residence.

These claims, too, are barred by *Heck v. Humphrey,* a Supreme Court case that generally precludes individuals from obtaining damages in a civil rights action for Constitutional infractions unless and until they have had their conviction overturned. 512 U.S. 477 (1994). The key language of that opinion requires that, "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. The Court noted in a footnote that some Fourth Amendment cases would not *necessarily* imply the invalidity of a conviction because there could be independent grounds for obtaining the evidence in question, such as the independent source rule. *Id.* at n.7. In those cases, a civil rights plaintiff could obtain relief even without impeaching the validity of his conviction. But here, Plaintiff alleges that the entire search was bad from the get-go, and the search is the only means by which the authorities obtained the evidence against him. Accordingly, there is no conceivable basis that he could succeed here without undermining the soundness of his conviction. Thus, Plaintiff cannot maintain a civil rights lawsuit against these officers unless he first has his conviction or revocation thrown out.

A similar circumstance occurred in *Ballenger v. Owens,* 352 F.3d 842 (4th Cir. 2003). There, the plaintiff alleged an illegal traffic stop, during which officers found evidence of drugs. The Court found that *Heck v. Humphrey* barred Plaintiff's civil rights lawsuit:

> If Ballenger succeeds in demonstrating in this § 1983 case that his traffic stop was illegal, the illegality of the search would require the suppression of the evidence seized. Ballenger has advanced no circumstances, nor conceived of any to our knowledge, to suggest how the state could convict him of cocaine trafficking if the automobile stop were to have been found illegal. In the particular circumstances of

4

> this case, there could be no independent source for the cocaine and no inevitable discovery of it. Moreover, if the evidence obtained by the search were suppressed, there could be no harmless error because there would be no evidence of illegal drug trafficking. It was possession of the cocaine discovered in Ballenger's automobile that constituted the criminal offense, and were that evidence to be suppressed by reason of the illegality of the search, the conviction could not be salvaged. Because a judgment for Ballenger in this case would necessarily imply invalidity of his conviction, the case at this stage amounts to no more than an unexhausted habeas corpus claim that collaterally attacks his conviction.

*Ballenger v. Owens,* 352 F.3d 842, 847 (4th Cir. 2003).

The same is true here. To the extent the allegations in the complaint are intelligible, they assert that evidence was seized as the fruit of an illegal search, and no other independent means of obtaining such evidence existed. Accordingly, the rule of *Heck v. Humphrey* bars this civil rights action. Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

**IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

5

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   11th   day of December, 2009.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge